72   519<br>177s 506

# Joseph G. Snydacker et al. v. Melbourne E. Blatchley et al.

1. WAREHOUSES—*Certain Receipts Held to be Warehouse Receipts and on Agreement Held to be a Mortgage.*—The court reviews the evidence in this case and holds that certain of the appellees were holders of warehouse receipts signed by insolvent, and that the written instrument constituting the contract between insolvent and appellants was not a warehouse receipt but a sale by way of mortgage.

Petitions, in assignment proceedings. Appeal from the County Court of Greene County; the Hon. J. C. BOWMAN, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

## STATEMENT OF THE CASE.

On July 30, 1896, Melbourne E. Blatchley filed in the County Court of Greene County a deed of assignment to appellee Frank R. Stubblefield, for the benefit of his creditors, and as a part of the property conveyed by this deed of assignment there were 3,461 bushels of wheat at White Hall in said county. Said assignee gave bond as such assignee

and took possession of said wheat. On August 3, 1896, said assignee, on his petition, procured an order of the County Court aforesaid, for him to sell said wheat, the proceeds to be retained by him subject to the further order of the court; and he did sell the same through a St. Louis commission house for the following prices:

No. 2 wheat, 506 bu. 10 lbs. at 59c. per bu..........$298.64
     Less expenses............................. 27.81

     Net amount for No. 2 wheat.................$270.83
No. 3 wheat, 1,848 bu. 10 lbs. at 54c..............$998.01
     Less expenses............................ 100.58

     Net amount for No. 3 wheat.................$897.43
No. 4 wheat, 1,106 bu. 40 lbs. at 52c..............$564.40
     Less expenses............................. 60.53

     Net amount for No. 4 wheat.................$503.87
     Total amount of wheat..............3461 bu.
     Net amount realized......................$1,672.10

On August 1, 1896, appellants filed in said County Court their petition, as follows:

Petition of Snydacker, Fyffe & Co., filed August 1, 1896, represents that petitioners Joseph G. Snydacker, John L. Fyffe and William J. Fyffe, are partners doing business under the firm name of Snydacker, Fyffe & Co., in Chicago; that on October 12, 1895, Melbourne E. Blatchley, being indebted to petitioners in the sum of about $3,000 for advances made by petitioners on 6,000 bushels of wheat, executed and delivered to petitioners an instrument in writing conveying and delivering to them 6,000 bushels of wheat stored in his elevator, in the city of White Hall, Greene county, Illinois, which said elevator was then and there a public warehouse of class "B," and by said instrument agreed to procure said 6,000 bushels of wheat to be shipped to petitioners, or their order, as they might direct, which said conveyance and delivery of said wheat was so made by said Blatchley, to petitioners, as security for the indebtedness

aforesaid; it being provided in said instrument that peti-
tioners might sell said wheat in Chicago, or elsewhere, and
from the proceeds thereof, after first paying freight, inspec-
tion, insurance and all other expenses incurred on account
of said wheat, should pay the indebtedness aforesaid, being
the advance made on said wheat, and all other sums owing
to petitioners by said Blatchley, so far as the balance of said
proceeds would go; it being expressly provided in said in-
strument that petitioners might at all times deal with the
said wheat in all respects as their own, as would appear by
reference to said instrument filed with said petition and
made a part thereof; that no part of said indebtedness has
been paid, and that it now amounts to about $3,000 after
allowing all credits and set-offs; that on July 31, 1896,
petitioners demanded of said Blatchley that he procure the
6,000 bushels of wheat, so stored in said elevator, to be
shipped and consigned to petitioners, in accordance with
the terms of said instrument, but that Blatchley refused to
comply with said demand; that on July 30, 1896, said
Blatchley made an assignment of all his property to Stub-
blefield for the benefit of his creditors; that by force of said
assignment said assignee, Stubblefield, took immediate pos-
session of the elevator mentioned in said written instru-
ment, and of all the wheat therein, including wheat belong-
ing to petitioners by virtue of said instrument, and continued
in possession, and refused to deliver said wheat to the peti-
tioners.

Petitioners pray that Stubblefield, as such assignee, may
be required to procure and deliver to petitioners the said
wheat so stored in said elevator, to the amount of 6,000
bushels, if so much there be, to be shipped and consigned to
petitioners according to the terms of said written instru-
ment, and for further relief.

Prayer for summons against Stubblefield, assignee.

"Exhibit A," attached to the foregoing petition and being
the written instrument therein mentioned:

" EXHIBIT A.

**GRAIN RECEIPT.**

6,000 bushels.                              OCTOBER 12, 1895.

I have this day conveyed and delivered unto the possession of Snydacker, Fyffe & Co., of Chicago, Illinois, six thousand bushels of wheat stored in good covered cribs, numbered ——, elevator ——, and located on lots numbered ——, belonging to M. E. Blatchley and situated in the town of White Hall, county of Greene, State of Illinois, each of said cribs being marked with the name ——. The above-mentioned wheat is free from all claims and incumbrances except those due Snydacker, Fyffe & Co., and this conveyance is made by way of mortgage to secure the said Snydacker, Fyffe & Co. for their advances and interest on the same at seven per cent. per annum until paid, and commission of not less than one-half cent per bushel, and insurance at least to the amount of their advances, ——. I agree upon the request of said Snydacker, Fyffe & Co. to procure the said wheat to be shelled and shipped, consigned to them to their order, as may be directed by them, at my cost and expense, and I guarantee the quality to hold out as stated.

Said Snydacker, Fyffe & Co. may sell said wheat in Chicago or elsewhere, and from the proceeds of such sales pay first the freight, inspection, insurance and interest on their advances, and their commission for selling the said wheat and all expenses incurred on account of said ——, and their advances on said wheat and all sums owing them by me, so far as the balance of proceeds will go, and account to me for balance of proceeds, if any. If the net proceeds of the sale of said wheat do not amount to a sufficient sum to pay Snydacker, Fyffe & Co. the charges, advances, interest and commission as aforesaid, I agree to pay such deficiency to them on demand.

The said Snydacker, Fyffe & Co. may at any and all times deal with said wheat, and any and every part thereof, in all respects as their own, accounting to me only for the net proceeds.

This receipt, if assigned by endorsement in blank or other-

wise on the back thereof, will at once vest the holder with full title and ownership in the property mentioned, with all power herein contained, the same as if issued to the consignee or subsequent holder, subject only to a return of whatever the net proceeds may exceed the holder's claim.

M. E. BLATCHLEY.

No. ——."

Intervening petitions of E. V. Baldwin, Loyal P. Griswold and Seth N. Griswold, filed in said County Court on September 7, 1896, represented that the intervening petitioner, E. V. Baldwin, in the months of July and August, 1894, deposited with the insolvent, Blatchley, 482 bushels and 40 pounds of No. 2 wheat, and in the month of July, 1896, 142 bushels and 10 pounds of No. 2 wheat—the wheat to be kept in store by said Blatchley. Said intervening petitioner to pay a storage to said Blatchley of half a cent per bushel per month, commencing thirty days after the same was deposited. That said intervening petitioner, Loyal P. Griswold, in September, 1894, deposited for storage with said insolvent, Blatchley, 419 bushels and 25 pounds of No. 2 wheat, and in July, 1895, deposited for storage with said Blatchley 493 bushels and 35 pounds No. 2 wheat, and in the month of November, 1895, deposited with said Blatchley for storage 426 bushels and 33 pounds of No. 2 wheat, and was to pay said Blatchley half a cent per bushel per month after the expiration of thirty days from the time of deposit. That said intervening petitioner, Seth N. Griswold, in July, 1895, deposited for storage with said insolvent, Blatchley, 354 bushels of No. 2 wheat, and was to pay said Blatchley, as storage, half a cent per bushel per month after thirty days from the time of storage; and that at the time of the assignment of said Blatchley, he had in his possession in his elevator 2,318 bushels and 23 pounds, being the total amount of said deposits which said Blatchley kept for said depositors, and in lieu of the wheat so deposited by them; that the wheat deposited by intervening petitioners was not sold to Blatchley, but stored in his elevator as their wheat and at their risk of fire and subject to the orders of said depositors;

that the said Blatchley delivered the possession of said wheat to said Stubblefield, his assignee, and that said depositors have made demand upon Stubblefield to deliver them their respective amounts of said wheat, which Stubblefield refused to do, and depositors offered to pay storage on said wheat and delivered to assignee the receipts therefor.

Intervening petitioners deny that said Snydacker, Fyffe & Co. have any right to said wheat.

Prayer for relief makes Stubblefield, assignee, and Snydacker, Fyffe & Co. defendants, and prays that the assignee be required to deliver to intervening petitioners, respectively, the several amounts of wheat claimed by them, or, in case said Stubblefield has not said wheat in his possession, he may be directed to pay to the intervening petitioners, respectively, the several amounts of money he may have received for said amounts of wheat, less the storage thereon, and further relief.

Intervening petition of said Samuel P. McCracken, filed October 3, 1896, represents that said intervening petitioner, on July 18, 1895, deposited with the said insolvent, Blatchley, 1,055 bushels of No. 3 wheat to be kept in store by Blatchley as petitioner's wheat, and that Blatchley afterward advanced to petitioner $100 on said wheat; that at the time of Blatchley's assignment, Blatchley had in his possession in his elevator more than 1,055 bushels of the wheat which Blatchley kept for petitioner, and in lieu of the wheat so deposited by petitioner, and not sold to Blatchley, but stored in his elevator as the wheat, and at his risk of fire and subject to the order of petitioner; that petitioner made demand upon the assignee, Stubblefield, to deliver said wheat, offering to pay the said sum of $100, with interest and storage, and to deliver the receipt therefor; that said Stubblefield refused to deliver the wheat to petitioner. Petition denies that Snydacker, Fyffe & Co. have any right to said wheat.

Prayer for relief makes Stubblefield, assignee, and Snydacker, Fyffe & Co. defendants, and prays that the assignee may be directed, upon the payment of storage and delivery

of receipt, to deliver to petitioner said amount of wheat upon petitioner paying assignee the said sum of $100 with interest, or, in case assignee may not have the wheat in his possession, that he pay the petitioner the amount which he may have received for said wheat so stored for petitioner, less said sum of $100 and storage, and for further relief.

Answer of Frank R. Stubblefield, assignee, to the petition of Snydacker, Fyffe & Co., filed September 7, 1896, denies any indebtedness from insolvent to petitioners or that insolvent conveyed to petitioners 6,000 bushels of wheat for security or otherwise; that at the date of the assignment, the wheat claimed to have been conveyed to petitioners was not in existence; that insolvent was not a keeper of a public warehouse; that assignee at the time of assignment took possession of the property of the insolvent; that as such assignee, he never has had in his possession the wheat mentioned in the petition; that the instrument in writing mentioned in the original petition created no lien on the wheat described therein if it ever existed, and denies that petitioners are entitled to the relief sought.

Answer of intervening petitioners, E. V. Baldwin, Loyal P. Griswold, Seth N. Griswold and Samuel P. McCracken, respectively, to original petition of Snydacker, Fyffe & Co., filed October 3, 1896, denies that the wheat in the possession of the insolvent at time of the assignment had been sold to Snydacker, Fyffe & Co., or that Snydacker, Fyffe & Co. had bought the same, or had any lien thereon, or any interest therein; that said wheat was kept in store for the use of the intervening petitioners, and in lieu of wheat they, prior to the assignment, had deposited with the insolvent to be kept in store for them, and deny that Snydacker, Fyffe & Co. are entitled to the relief prayed.

Answer of Snydacker, Fyffe & Co., to the intervening petitions of E. V. Baldwin, Seth N. Griswold and Loyal P. Griswold, filed November 23, 1896, denies that said intervenors deposited with Blatchley the several amounts of wheat in their intervening petition specified to be kept in store by Blatchley for them; denies that said Blatchley, at

the time of the assignment, had any quantity of wheat which he kept for the intervening petitioners, in lieu of the wheat specified in the intervening petition; that the said wheat so alleged to have been deposited by said petitioners, Baldwin et al., with said Melbourne E. Blatchley, was not deposited but sold by said petitioners to said Blatchley, and denies that intervening petitioners are entitled to the relief sought.

Answer of Snydacker, Fyffe & Co. to intervening petition of Samuel P. McCracken, filed November 23, 1896, denies that said McCracken on July 18, 1895, or at any other time deposited with Blatchley 1,055 bushels of wheat, or any other quantity, to be kept in store by Blatchley as the wheat of said McCracken; denies that Blatchley at the time of his assignment had any quantity of wheat kept for petitioner. McCracken in lieu of the wheat alleged to have been deposited by the said McCracken; that said wheat so alleged to have been deposited by the said petitioner McCracken, with the said Melbourne E. Blatchley, was not deposited, but sold by said petitioner to the said Blatchley, and denies that said intervening petitioner is entitled to the relief by him sought.

Answer of assignee to intervening petition of E. V. Baldwin, Loyal P. Griswold and Seth N. Griswold, filed November 23, 1896, denies that said Baldwin deposited with Blatchley the wheat as set forth in intervening petition, or that such alleged wheat was kept in store by Blatchley for said Baldwin, or that Baldwin was to pay any storage on any of said wheat; also denies that Loyal P. Griswold made any deposit of wheat for storage with the said Blatchley as set forth, or that said Griswold was to pay storage at any time for any of his alleged wheat; denies that intervening petitioner Seth N. Griswold made any deposit of wheat for storage with Blatchley as alleged, or that he was to pay any storage for any such alleged wheat; denies that at the time of the assignment Blatchley had in store any of the wheat claimed to have been deposited by the said intervening petitioners, or that he kept any wheat in lieu of the

alleged wheat claimed to have been so deposited; denies that the assignee took possession, or had had at any time any of the alleged wheat, or any of the proceeds thereof.

Answer of assignee to intervening petition of Samuel P. McCracken, filed November 23, 1896, denies that said McCracken on July 18, 1895, or at any other time deposited with said Blatchley 1,055 bushels of wheat to be kept in store by said Blatchley for the said McCracken; denies that Blatchley at the date of said assignment had in his possession any wheat whatever kept for said McCracken in lieu of the alleged wheat claimed to have been deposited by McCracken; denies that said McCracken at any time had any wheat whatever in storage with said Blatchley; denies that Blatchley at the date of his assignment delivered to assignee any wheat whatsoever belonging to the said McCracken.

General replication of Snydacker, Fyffe & Co. to the several answers of E. V. Baldwin, Seth N. Griswold, Loyal P. Griswold, Samuel P. McCracken and Frank R. Stubblefield, assignee, filed November 23, 1896.

Replication of E. V. Baldwin, Loyal P. Griswold, Seth N. Griswold and Samuel P. McCracken to answers of Snydacker, Fyffe & Co., and Frank R. Stubblefield, assignee, filed November 23, 1896.

After hearing evidence of parties the County Court made the following final decree, entered December 31, 1896:

" The court finds that the claim of the original petitioners, Snydacker, Fyffe & Co., to the proceeds of the wheat in question is based upon an instrument given by way of mortgage to secure them in the payment of the sum of $3,000, loaned by them to assignor Blatchley. That the wheat that came into the possession of the assignee, and by order of the court was sold by him, was not, nor was any part of it, the wheat covered by such mortgage instrument, nor was any part of such wheat purchased with the money, or any part of it, advanced or loaned to the assignor by Snydacker, Fyffe & Co.

As to the claim of the intervening petitioners, L. P. Griswold, S. N. Griswold, E. V. Baldwin and Samuel P.

McCracken, the court finds that the assignor was keeping a
public warehouse within the meaning of the constitution
and statute, that the intervening petitioners deposited with
the assignor for storage the wheat represented by the instru-
ments held by them and introduced in evidence, and that
such instruments are warehouse receipts.

And the court further finds that the wheat deposited by
S. N. Griswold, L. P. Griswold and E. V. Baldwin was of
grade two, and by S. P. McCracken, grade three.

The court, therefore, holds that the original petitioners,
Snydacker, Fyffe & Co., with reference to the fund arising
from the sale of the wheat by assignor, stand in the same
relation as general creditors.

The court holds that the intervening petitioners should
be reimbursed as far as possible out of the proceeds of the
wheat of like kind and grade as that deposited by them,
after deducting expenses, commission, etc., and for that pur-
pose should prorate, and that the assignee should retain
from each of the intervening petitioners the amount of
storage due from each of them; that is to say, E. V.
Baldwin, S. N. Griswold, and L. P. Griswold should each
pay his proportionate share of the amount of storage due
on 506 bushels, and S. P. McCracken the amount due from
him on 1,055 bushels, and the assignee should retain from
the said McCracken the sum of $100, the amount advanced
to him by assignor prior to the assignment.

It is therefore ordered and adjudged by the court that
the original petition of Snydacker, Fyffe & Co. be dis-
missed, and that they pay the costs occasioned thereby.

It is further ordered and adjudged that the assignee,
after deducting seven per cent of the gross receipts of all
the wheat in question for commissions, expenses, etc., and
after making all the other reductions as directed above, pay
to each of the intervening petitioners the following sums of
money, to wit:

To S. N. Griswold.....................$ 33 51
To L. P. Griswold...................... 111 56
To E. V. Baldwin...................... 52 03

(To which finding and orders as to the question of storage
and amount of wheat belonging to these last named parties
and amounts ordered to be paid to them, the said S. N.
Griswold, L. P. Griswold and E. V. Baldwin except.)

And to S. P. McCracken................$310 77,
and that the assignee pay the costs occasioned by the inter-
vening petitioners as far as the assets charge him.

To all of which findings, judgments and decree of the
court, the petitioners Snydacker, Fyffe & Co., and the
assignee, Frank R. Stubblefield, severally except and jointly
and severally pray an appeal to the Appellate Court for the
Third District of this State, which appeal is by the court
hereby granted upon said petitioners or said assignee, or
either of them, entering into bond in the sum of two hun-
dred dollars, with security to be approved by the court,
within forty days from this date, the certificate of evidence
to be signed and sealed within sixty days by consent.

JOHN C. BOWMAN, Judge."

In this court only appellants have assigned on the record
any error, although appellee Stubblefield, assignee, filed a
brief.

COLIN C. H. FYFFE, attorney for appellants.

MARK MEYERSTEIN, attorney for appellee Frank R. Stub-
blefield, assignee.

THOMAS HENSHAW, attorney for appellees S. N. Griswold,
L. P. Griswold, E. V. Baldwin and S. P. McCracken.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE
COURT.

Upon examination of the record in this case we are sat-
isfied that appellees E. V. Baldwin, Loyal P. Griswold, S. N.
Griswold and S. P. McCracken established on the trial in
the court below the material facts alleged in their petition,
and therefore were the holders of warehouse receipts for the
grades of wheat they delivered to insolvent, Blatchley, to be

stored in his public warehouse of grade " B " at White Hall, Illinois, at a storage charge of half a cent per bushel per month for the term stated, except the first month, said wheat, or the like grade of wheat, to be by said Blatchley delivered to them on demand, as contended for by them in the pleadings filed in the trial court, and were therefore entitled to a lien on the wheat in question in this case.   We are also satisfied that appellants' written instrument set out in his petition to the County Court, constituting the contract between them and insolvent, Blatchley, was not a " warehouse receipt," as contended by them, but a sale by way of mortgage, by insolvent, Blatchley, to them, of 6,000 bushels of wheat, at the date of said writing, then in his elevator at White Hall, and that from the evidence it appears that said Blatchley, long before said assignment, had delivered to appellants the wheat described in said writing, but that said Blatchley still owes appellees the indebtedness contended for by them, but they have no lien on the wheat in question.

We are of the opinion that the final order and decree rendered herein by the County Court of Greene County is in accordance with the law and the evidence in this case, therefore we affirm it.

Decree affirmed.